United States District Court
Southern District of Texas
FILED

OCT 19 1998

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOEL ZAPATA, d/b/a REPUBLIC | § | Case No. **B-98-150** |
| GROUP INSURANCE, INC., et al. | § | (Adversary Proceeding) |
| d/b/a DREAM HOMES, INC., | § | |
| Debtor | § | |

## NOTICE OF REMOVAL

First Valley Bank, Cynthia "Cindy" Garza, Individually and as an Officer of First Valley Bank and Michael Scaief, Individually and as an Officer of First Valley Bank (the "Applicants") file this their Notice of Removal and represent as follows:

**1.**

Joel Zapata d/b/a Republic Group Insurance, Inc., et al. d/b/a Dream Homes, Inc., filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court unit of the United States District Court, Southern District of Texas, Brownsville Division on September 14, 1998. Said bankruptcy case is numbered Bankruptcy Case No. 98-10840 (Chapter 13) in the United States District Court, Southern District of Texas, Brownsville Division.

**2.**

On September 11, 1998, Republic Group International, Inc. d/b/a Custom Dream Homes, d/b/a Republic Mortgage d/b/a Republic Real Estate and Joel Zapata, the Debtor, filed an action against the Applicants in the 357th Judicial District Court of Cameron County, Texas. Said action is Cause No. 98-09-3515-E and is styled *Republic Group International, Inc. d/b/a Custom Dream Homes, d/b/a Republic Mortgage, d/b/a Republic Real Estate and Joel Zapata vs. First*

---

*Valley Bank, Cynthia "Cindy" Garza, Individually and as an Officer of First Valley Bank and Michael Scaief, Individually and as an Officer of First Valley Bank.* Each of the Applicants were served with Citation in said action on or about September 24, 1998.   A copy of Plaintiffs' Original Petition in said action is annexed hereto as described below in Paragraph 5 hereof. Other than the filing of responsive pleadings including original answers, there have been no further proceedings in this action.

### 3.

The action described in Paragraph 2 hereof is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1334(b).   Joel Zapata, d/b/a Republic Group Insurance, Inc., et al. d/b/a Dream Homes, Inc., the Plaintiffs in the described state court action, are the Debtors in Bankruptcy Case No. 98-10840 (Chapter 13) filed under Title 11 of the United States Code.   The state court action described in Paragraph 2 hereof is one which may be removed to this Court pursuant to 28 U.S.C. §1452.

### 4.

Upon removal, the action is a non-core proceeding, and the Applicants consent to the entry of final orders or judgment by the bankruptcy judge.

### 5.

Pursuant to Rule 3(K) of the Local Rules of the United States District Court for the Southern District of Texas, Applicants attach the following:

(a)     an Index of Matters Being Filed;

(b)     the Docket Sheet of Cause No. 98-09-3515-E in the 357th Judicial District Court of Cameron County, Texas;

---

(c)    executed process served on Applicants First Valley Bank, Cynthia Garza and Michael Scaief;

(d)    pleadings asserting causes of action and all Answers to such pleadings which are on file in Cause No. 98-09-3515-E in the 357th Judicial District of Cameron County, Texas; and

(e)    A list of all counsel of record, including addresses, telephone numbers and parties represented.

There are no orders signed by the state judge in Cause No. 98-09-3515-E in the 357th Judicial District Court of Cameron County, Texas.

WHEREFORE, PREMISES CONSIDERED, First Valley Bank, Cynthia "Cindy" Garza and Michael Scaief respectfully prays that the above-described action now pending in the 357th Judicial District Court of Cameron County, Texas, bearing Cause No. 98-09-3515-E and styled *Republic Group International, Inc. d/b/a Custom Dream Homes, d/b/a Republic Mortgage, d/b/a Republic Real Estate and Joel Zapata vs. First Valley Bank, Cynthia "Cindy" Garza, Individually and as an Officer of First Valley Bank and Michael Scaief, Individually and as an Officer of First Valley Bank* be removed to this Court.

DATED:   October 19th, 1998.

OF COUNSEL:

STAPLETON, WHITTINGTON,
CURTIS & BOSWELL

_____

Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
201 North First Street (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone:   (956) 428-9191
Telecopier:   (956) 428-9283

**Attorneys for First Valley Bank, Cynthia "Cindy" Garza and Michael Scaief**

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the _19th_ day of October, 1998, a true and correct copy of the above and foregoing Notice of Removal was mailed to Mr. Gilberto Hinojosa, at 1713 Boca Chica Blvd., Brownsville, Texas 78520, by Certified Mail, Return Receipt Requested #Z 294 196 895.

_____
Chris Boswell

Notice of Removal/556.088                                                Page 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOEL ZAPATA, d/b/a REPUBLIC | § | Case No. _____ |
| GROUP INSURANCE, INC., et al. | § | (Adversary Proceeding) |
| d/b/a DREAM HOMES, INC., | § | |
| Debtor | § | |

## INDEX OF MATTERS BEING FILED

This is an Index of Matters Being Filed by First Valley Bank, Cynthia "Cindy" Garza,

Individually and as an Officer of First Valley Bank and Michael Scaief, Individually and as an

Officer of First Valley Bank (the "Applicants") with their Notice of Removal filed herein.

| Matter | Bates Page Number |
|---|---|
| Court's Docket Sheet in Cause No. 98-09-3515-E in the 357th Judicial District Court of Cameron County, Texas .............. | 0001 |
| Plaintiffs' Original Petition ................................................... | 0002 |
| Citation with Officer's Return showing service on First Valley Bank on September 24, 1998 ................................. | 0003 |
| Citation with Officer's Return showing service on Cynthia "Cindy" Garza on September 24, 1998 ......................... | 0004 |
| Citation with Officer's Return showing service on Michael Scaief on September 24, 1998 .................................... | 0005 |
| Defendants' Original Answer ............................................... | 0006 |
| Defendants' First Amended Original Answer ............................ | 0007 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

IN RE:                                    §
                                          §
JOEL ZAPATA, d/b/a REPUBLIC               §      Case No. _____
GROUP INSURANCE, INC., et al.             §              (Adversary Proceeding)
d/b/a DREAM HOMES, INC.,                   §
                Debtor                     §

## LIST OF COUNSEL OF RECORD

The following is a list of all counsel of record for the parties as of the date of the filing

of this Notice of Removal by First Valley Bank, Cynthia "Cindy" Garza, Individually and as an

Officer of First Valley Bank and Michael Scaief, Individually and as an Officer of First Valley

Bank (the "Applicants").

| Party | Counsel of Record |
|---|---|
| **Republic Group International, Inc. d/b/a Custom Dream Homes, Inc. d/b/a Republic Mortgage, d/b/a Republic Real Estate and Joel Zapata,**<br>Plaintiffs | Mr. Gilberto Hinojosa<br>Magallanes & Hinojosa<br>1713 Boca Chica Blvd.<br>Brownsville, Texas 78520<br>Telephone:  (956) 544-6571<br>Telecopier:  (956) 544-4290 |
| **First Valley Bank, Cynthia "Cindy" Garza, Individually and as an Officer of First Valley Bank, and Michael Scaief, Individually and as an Officer of First Valley Bank,**<br>Defendants | Mr. Chris Boswell<br>Stapleton, Whittington, Curtis & Boswell<br>P.O. Box 2644<br>Harlingen, Texas  78551-2644<br>Telephone:  (956) 428-9191<br>Telecopier:  (956) 428-9283 |

Case 1:98-cv-00150   Document 1   Filed in TXSD on 10/19/1998   Page 7 of 36

RUN DATE 10/15/98
RUN TIME 3:20 PM

REPUBLIC GROUP INTERNATIONAL, INC., ET AL

VS

FIRST VALLEY BANK, ET AL

* * *   C L E R K ' S   E N T R I E S   * * *

PAGE: 01

98-09-01515-E

00003307
GILBERTO HINOJOSA
1713 BOCA CHICA BLVD.
BROWNSVILLE TX          78521  0000

(06)    BREACH OF CC NTRACT                    09    11    98

| | |
|---|---|
| 09/11/98 | ORIGINAL PE ITION FILED |
| 09/21/98 | CITATION (C M): FIRST VALLEY BANK |
| 09/21/98 | SERVED: 09/24/98 |
| 09/21/98 | CITATION (C M): CYNTHIA "CINDY" PEREZ |
| 09/21/98 | SERVED: 09/24/98 |
| 09/21/98 | FILED: 09/29/98 |
| 09/21/98 | CITATION (C M): MICHAEL SCTER |
| 09/21/98 | SERVED: FILED: 09/29/98 |

`0001

CAUSE NO. 98-09-3515-E

| | | |
|---|---|---|
| REPUBLIC GROUP INTER-<br>NATIONAL, INC., D/B/A<br>CUSTOM DREAM HOMES,<br>D/B/A REPUBLIC MORTGAGE,<br>D/B/A REPUBLIC REAL<br>ESTATE, AND JOEL ZAPATA,<br>*Plaintiffs*, | § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | CAMERON COUNTY, TEXAS |
| FIRST VALLEY BANK,<br>CYNTHIA "CINDY" GARZA,<br>INDIVIDUALLY AND AS<br>AN OFFICER OF FIRST<br>VALLEY BANK, AND MICHAEL<br>SCIEF, INDIVIDUALLY AND<br>AND AS AN OFFICER OF<br>FIRST VALLEY BANK<br>*Defendants.* | § § § § § § § § | 357TH DISTRICT COURT |

FILED 10:30 O'CLOCK ___A___ M
AURORA DE LA GARZA DIST. CLERK

SEP 1 1 1998

DISTRICT COURT OF CAMERON COUNTY, TEXAS
___Rosie Sotelo___ DEPUTY

$ 316.00

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, REPUBLIC GROUP INTERNATIONAL, INC., D/B/A CUSTOM DREAM HOMES, D/B/A REPUBLIC MORTGAGE, D/B/A REPUBLIC REAL ESTATE AND JOEL ZAPATA (hereinafter referred to collectively as "Plaintiffs"), Plaintiffs herein, and complain of the conduct of FIRST VALLEY BANK, CYNTHIA "CINDY" GARZA, INDIVIDUALLY AND AS AN OFFICER OF FIRST VALLEY BANK, AND MICHAEL SCIEF, INDIVIDUALLY AND AS AN OFFICER OF FIRST VALLEY BANK (hereinafter referred to collectively as "Defendants") Defendants herein, and would respectfully show this Court the following:

0002

1

## A.

## PARTIES

1.     Plaintiffs are now, and at all times mentioned herein were, residents of Cameron County, Texas.   Plaintiff **REPUBLIC GROUP INTERNATIONAL, INC., D/B/A CUSTOM DREAM HOMES, D/B/A REPUBLIC MORTGAGE, D/B/A REPUBLIC REAL ESTATE** is a Delaware corporation authorized to do business in the State of Texas.

2.     Defendant **FIRST VALLEY BANK** is now, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Texas, engaged in the business of operating a banking institution and has its principle place of business in Los Fresnos, County of Cameron, Texas.   **FIRST VALLEY BANK** may be served with process by serving its President Cleve Breedlove at First Valley Bank, 203 N. Arroyo Blvd., Los Fresnos, Texas 78566.

3.     Defendants **CYNTHIA "CINDY" GARZA, INDIVIDUALLY AND AS AN OFFICER OF FIRST VALLEY BANK, AND MICHAEL SCIEF, INDIVIDUALLY AND AS AN OFFICER OF FIRST VALLEY BANK** are now, and at all times mentioned herein were,  residents of Harlingen, County of Cameron, Texas, and are officers of Defendant **FIRST VALLEY BANK.** Defendant **Cynthia "Cindy" Garza** may be served with process at the following address: First Valley Bank, 1206 Dixieland Rd., Harlingen, Texas 78552.   Defendant Michael Scief May be served with process at the following address: First Valley Bank, 1901 South 77 Sunshine Strip, Harlingen, Texas 78550.

2

## B.

## INTRODUCTION

4.   Plaintiffs bring causes of action against Defendants for negligence, breach of contract, intentional misrepresentation of material facts, tortious interference with business relations, tortious interference with prospective contractual relations, violations of the Texas Deceptive Trade Practices Act and gross negligence.  Plaintiffs, through this action, seek actual damages, including economic and mental anguish damages, exemplary damages, additional damages, attorney's fees, court costs, prejudgment interest and post judgement interest.

## C.

## JURISDICTION AND VENUE

5.   Jurisdiction and venue over this case lies with the District Courts of Cameron County, Texas.  Venue is proper in Cameron County, Texas due to the fact that Defendants reside, or have their principal place of business, in Cameron County, Texas; all or part of the breach of contract, negligent acts, intentional misrepresentations of material facts, tortious interference with a business relationship, tortious interference with prospective contractual relations, violations of the Texas Deceptive Trade Practices Act and gross negligence occurred in Cameron County, Texas; and damages have been sustained by Plaintiffs in Cameron County, Texas.  Therefore, Plaintiffs assert that venue is proper in Cameron County, Texas under Sections 15.001, 15.002, 15.005, and 15.033 of the Texas Civil Practice and Remedies Code.  Furthermore, none of the mandatory venue provisions contained in Sub-Chapter B of the Texas Civil Practices and Remedies Code

3

apply.

**D.**

**FACTS**

6. Plaintiff **Republic Group International, Inc.** was formed in 1996 with three different divisions: Custom Dream Homes, Republic Mortgage, and Republic Real Estate. Plaintiff Joel Zapata is a shareholder and officer of Plaintiff corporation. Plaintiff **Republic Group International, Inc.** was engaged primarily in the construction and financing of homes. The primary role of Republic Real Estate was to engage in general real estate business and to assist potential home-buyers in locating real estate for their future home. Custom Dream Homes was to construct homes and Republic Mortgage was to arrange for the necessary financing.

7. After the formation of **Republic Group International, Inc.**, Plaintiffs associated with a Mr. Antonio Chapa, who was to work with Plaintiffs in the Custom Dream Homes division. Mr. Chapa, who contracted independently with Plaintiff **Republic Group International, Inc.**, was to assist in the construction of the homes that Plaintiffs contracted to construct and, because of his personal and business ties to Defendant **Cynthia "Cindy" Garza**, was to assist Plaintiffs in obtaining interim financing from Defendant **First Valley Bank** for the construction of the homes contracted for.

8. With the assistance of Mr. Antonio Chapa, Plaintiffs entered into a contractual relationship with Defendant **First Valley Bank** whereby said Defendant would provide interim financing to individuals under contract with Plaintiffs for the construction of a home. Under said contractual

4

CVAPDF - www.fasoo.com

relationship, Plaintiffs would bring individuals, who had contracts with Plaintiffs for the construction of a home, to Defendant **First Valley Bank** for purposes of arranging for interim financing for said individuals. Defendant **First Valley Bank** would provide interim financing for the cost of construction during the construction phase. Because Plaintiff **Republic Group International, Inc**. was to construct the house and would incur all the expenses associated with said construction, Defendant **First Valley Bank**, as part of its contractual relationship with Plaintiffs, agreed, through its agent Defendant **Cynthia "Cindy" Garza**, to allow Plaintiffs to draw sums of money from each interim financing account for all legitimate expenses incurred by them. Plaintiffs, upon receipt of sums drawn from Defendant **First Valley Bank** interim financing accounts, would pay subcontractors performing work on the house for which the interim financing was provided and suppliers for any materials purchased for the construction of said house. At the time that the initial contractual relationship was entered into with Defendant **First Valley Bank**, said defendant, through its agent Defendant **Cynthia "Cindy" Garza**, agreed to allow Plaintiffs to take draws for construction costs up to ninety percent (90%) of the financed amount. Subsequently, Defendant **First Valley Bank**, through its agent Defendant **Cynthia "Cindy" Garza,** unilaterally, and without first advising Plaintiffs, lowered the maximum draw allowed to seventy percent (70%) of the financed amount. The amount remaining in the financed amount would be paid to Plaintiff **Republic Group International, Inc.** upon the completion of the construction project as part of its profits earned for the construction of the house it contracted to construct.

9. Prior to beginning construction on a home, **Republic Mortgage**, a

5

division of Plaintiff **Republic Group International, Inc.**, would arrange for permanent financing for the home. Because **Republic Mortgage** had already qualified the home-buyer for financing prior to the providing of interim financing by Defendant **First Valley Bank**, said Defendant was able to obtain qualified bank customers to provide financing to as a result of the efforts of Plaintiffs. Furthermore, Custom Dream Homes would issue a letter of commitment on the interim financing to First Valley Bank and sign the contractual documents reflecting the interim financing. Hence, Plaintiffs would provide Defendant **First Valley Bank** with business and said Defendant would in turn provide Plaintiffs with a method by which it could obtain the funds for the actual construction of the home contracted for.

10.   Defendant **First Valley Bank** has for a number of years been engaged in the business of providing direct and interim financing for the construction of both residential and commercial buildings. As such, it is well aware of the importance of providing timely payments to contractors and subcontractors for work to be performed and/or that has been performed on construction projects that it is providing direct and interim financing for. Said Defendant was further aware that the failure of a subcontractor and supplier of materials to receive payment for work performed adversely affects a contractor's ability to obtain subcontractors and suppliers to complete existing and future construction projects. In agreeing to the contractual relationship with Plaintiffs as described above, Defendant **First Valley Bank** had a duty to provide timely payments to Plaintiffs for costs incurred in the construction of homes which Plaintiffs had contracts to construct. Defendant **First Valley Bank** also had a duty to provide timely payments to subcontractors who had completed, or

6

substantially completed, work on homes which Plaintiffs had contracts to construct. Defendant **First Valley Bank** further had a duty to not interfere with Plaintiffs' contractual and business relationships with its subcontractors, suppliers and customers.

11.     During the entire period of Plaintiffs' contractual and business relationship with Defendant **First Valley Bank**, Defendant **Cynthia "Cindy" Garza** was the officer for Defendant **First Valley Bank** that serviced the interim financing agreements secured for the purpose of constructing the homes which Plaintiffs had contracted for. Defendant **Michael Scief** was Defendant **Cynthia "Cindy" Garza's** immediate supervisor. Any and all business dealings between Plaintiffs and Defendant **First Valley Bank** occurred through said officers and agents of Defendant **First Valley Bank**.

12.     Sometime in mid-1996, Plaintiffs ended their business relationship with Mr. Antonio Chapa. This relationship ended as a result of Plaintiffs' dissatisfaction with Mr. Chapa's performance of his duties and responsibilities with Plaintiffs' home construction business. Immediately thereafter, Defendant **Cynthia "Cindy" Garza** began to interfere with Plaintiffs' operation of its **Custom Dream Homes** division and attempted to undermine Plaintiffs' efforts to comply with several existing construction contracts that Plaintiffs had entered into with several home-buyers. Said Defendant **Cynthia "Cindy" Garza**, with the authorization of Defendant **Michael Scief**, engaged in the following actions which proximately caused Plaintiffs great harm:

a.   After authorizing Plaintiffs to take certain draws for the payment of construction costs which had been incurred in homes under

CWPDF - www.fastio.com

for the construction of their home and who had been referred to Defendant **First Valley Bank,** that they would provide such financing only in the event that said individuals utilized a contractor other than Plaintiffs. Such actions caused Plaintiffs to lose customers and contracts for construction and financing that they had otherwise already obtained through their own efforts and, thus, caused them to lose the profits associated with said contracts.

f.  Defendant **Cynthia "Cindy" Garza,** without cause and justification, withheld from Plaintiffs sums of money retained on numerous interim financing contracts which Plaintiffs had construction contracts on and which belonged to Plaintiffs, thereby preventing Plaintiffs from completing other construction contracts which Defendants were aware could not be completed by Plaintiffs without the retained amounts. As a result of said actions, Plaintiffs suffered the same injuries as described in Paragraph 12(c) - 12(e). Such actions further caused Plaintiffs to be unable to pay certain debts owed to suppliers providing materials to Plaintiffs for construction contracts Plaintiffs were engaged in and caused one said supplier to sue Plaintiffs at great expense to Plaintiffs.

g.  Defendant **Cynthia "Cindy" Garza,** without cause and justification, caused other parties such as Southern Texas Title Company to withhold from Plaintiffs certain sums of money owed to Plaintiffs pursuant to construction contracts completed. As a result of said actions, Plaintiffs suffered the same injuries as described in Paragraph 12(f).

10

h. Defendant **Cynthia "Cindy" Garza,** without cause and justification, contacted subcontractors and encouraged them to file liens on property with homes that were being constructed by Plaintiffs. As a result of said actions, Plaintiffs suffered the same injuries as described in Paragraph 12(e).

## E.

## CAUSES OF ACTION

13. **NEGLIGENCE**: The above-described facts establish that Defendants were negligent in their dealings with Plaintiffs and that said negligence was a proximate cause of the injuries and damages sustained by Plaintiffs as described above.

14. **BREACH OF CONTRACT**: The above-describe facts establish that Defendants breached their contract with Plaintiffs and that said breach was a proximate and producing cause of the injuries and damages sustained by Plaintiffs as described above.

15. **INTENTIONAL MISREPRESENTATION OF A MATERIAL FACT**: The above described actions establish that Defendants intentionally misrepresented material facts to the Plaintiffs and that said Plaintiffs relied on said misrepresentations to their detriment. Said intentional misrepresentation of a material fact was a producing and proximate cause of damages to Plaintiffs.

16. **TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE CONTRACTUAL RELATIONS**: The above described actions establish that Defendants intentionally and tortiously interfered with business relations and prospective contractual relations which Plaintiffs had

11

with others.    Said intentional and tortious interference with business relations and prospective contractual relations was a producing and proximate cause of damages to Plaintiffs.

17.    **DECEPTIVE TRADE PRACTICES ACT VIOLATIONS**:    The above described actions of Defendants are a violation of Section 17.46 of the Texas Deceptive Trade Practices Act in that said Defendants engaged in false, misleading and deceptive acts and practices relied upon by Plaintiffs to their detriment.    Said actions and representations further specifically violate the following provisions of Section 17.46 of said Act:

(1)    Causing confusion or misunderstanding of the source, sponsorship, approval or certification of goods or services, Section 17.46(b)(2);

(2)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not, Section 17.46(b)(5);

(3)    Advertising goods or services with intent not to sell them as advertised, Section 17.46(b)(9);

(4)    Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, Section 17.46(b)12); and

(5)    Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, Section 17.46(b)(23).

The actions of Defendants as described above are also an "unconscionable action or course of action" as defined by Section 17.45(5) of the Texas Deceptive Trade Practices Act and actionable under Section 17.50(a)(3) of said Act..

Defendants' violations of the Texas Deceptive Trade Practices Act as

12

described above are a producing cause of damages to Plaintiffs.

Defendants' violations of the Texas Deceptive Trade Practices Act as described above were committed knowingly and intentionally thereby entitling Plaintiffs to recover double and treble damages pursuant to said Act.

18. **GROSS NEGLIGENCE**: The wrongful conduct of Defendants as set forth in the above Paragraphs was undertaken without regard to the health and welfare of Plaintiffs and amounted to gross negligence in that Defendants evinced such little regard to its duties of care, good faith and fidelity owed to Plaintiffs, as to raise a belief that the acts and omissions set forth above were the result of conscious indifference to the rights and welfare of plaintiffs. Plaintiffs are therefore entitled to an award of exemplary damages against Defendants.

## F.

## DAMAGES

19. The damages suffered by Plaintiffs as a result of the violations of Texas law by Defendants (1) are set out in detail in Paragraph 12 above, (2) were caused by Defendants' violations of Texas law, and (3) are in excess of the jurisdictional limits of this Court.

## G.

## ATTORNEYS FEES

20. Plaintiffs are entitled to the recovery of reasonable attorney's fees from Defendants pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code and Section 17.50(d) of the Texas Deceptive Trade Practices Act.

21.   Plaintiffs seek reasonable attorneys fees incurred for all time expended through trial on the merits, for an appeal to the Thirteenth Court of Appeals, and for an appeal to the Texas Supreme Court.

## H.

## NOTICE

22.   The giving of at least sixty (60) days notice before filing suit, as required by section 17.505(a) of the Texas Deceptive Trade Practices Act, is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations.

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have and recover the following:

1.   Judgment against Defendants for actual damages, including economic damages and mental anguish damages, in an amount in excess of the minimum jurisdictional limits of the Court;

2.   Exemplary damages;

3.   Additional damages;

4.   Reasonable attorneys fees through trial and on appeal to the Court of Appeals and the Texas Supreme Court;

5.   Pre-judgment interest as provided by law;

6.   Post-judgment interest as provided by law;

7.   Cost of Court; and

8.   Such other and further relief to which Plaintiffs may be justly entitled.

**SIGNED** this _____ day of September, 1998.

Respectfully submitted,

**MAGALLANES & HINOJOSA**
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Tel: (956) 544-6571
Fax: (956) 544-4290

By: _____
**Gilberto Hinojosa**
State Bar No.: 09701100
C.C. Id. No. 3307
*Attorney for Plaintiffs*

15

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 98-09-03515-E

**ORIGINAL**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRST VALLEY BANK
SERVING ITS PRESIDENT
CLEVE BREEDLOVE
203 N. ARROYO BLVD.
LOS FRESNOS, TEXAS 78566

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on SEPTEMBER 11, 1998.  A copy of same accompanies this citation.

The file number of said suit being No. 98-09-03515-E.

The style of the case is:

REPUBLIC GROUP INTERNATIONAL, INC., ET AL
VS.
FIRST VALLEY BANK, ET AL

Said petition was filed in said court by _____GILBERTO HINOJOSA_____ (Attorney for _____PLAINTIFF_____), whose address is 1713 BOCA CHICA BLVD. BROWNSVILLE TX   78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 1998.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATI )F DELIVERY OF MAIL |
|---|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. | I hereby certify that on the **21st** of **SEPTEMBER**, **1998**, I mailed to<br><br>**FIRST VALLEY BANK**<br><br>by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto. |

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER                    TITLE

ADDRESS

CITY                    STATE          ZIP

**CERTIFICATI )F DELIVERY OF MAIL**

I hereby certify that on the **21st** of **SEPTEMBER**, **1998**, I mailed to

**FIRST VALLEY BANK**

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __P214957958__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _Rosie Sotelo_, Deputy
    Rosie Sotelo

SENDER:
• Complete items 1 and/or 2 for additional services.
• Complete items 3, 4a, and 4b.
• Print your name and address on the reverse of this
  card so that we can return this
• Attach this form to the front of the mailpiece, or on the back if space does not
  permit.
• Write *Return Receipt Requested* on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date
  delivered.

I also wish to receive the
following services (for an
extra fee):

1. ☐ Addressee's Address

2. ☒ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

CLEVE BREEDLOVE, PRESIDENT
FIRST VALLEY BANK
203 N. ARROYO BLVD.
LOS FRESNOS, TX 78566

4a. Article Number

P 214 957 958

4b. Service Type

☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

9-28-98

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

X

8. Addressee's Address (Only if requested
and fee is paid)

PS Form 3811, December 1994          102595-97-B-0179          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

US Postal Service

**Receipt for Certified Mail**

No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | |
|---|---|
| FIRST VALLEY BANK | |
| Street & Number | |
| CLEVE BREEDLOVE | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |
| CITATION 9/21/98 | |
| 98-09-3515-E | |

PS Form 3800, April 1995

Citation for Personal Service   - BY CERTIFIED MAIL     Lit. Seq. # 5.004.01

No. 98-09-03515-E                    ORIGINAL

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CYNTHIA "CINDY" PEREZ
INDIVIDUALLY AND AS AN OFFICER
OF FIRST VALLEY BANK
1206 DIXIELAND RD
HARLINGEN, TEXAS 78552

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on SEPTEMBER 11, 1998.  A copy of same accompanies this citation.

The file number of said suit being No. 98-09-03515-E.

The style of the case is:

REPUBLIC GROUP INTERNATIONAL, INC., ET AL
VS.
FIRST VALLEY BANK, ET AL

Said petition was filed in said court by _____ GILBERTO HINOJOSA _____ (Attorney for _____ PLAINTIFF _____), whose address is 1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

P 214 957 959

this writ shall promptly serve the same according to ...e mandates thereof, and make due return as the law

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

my hand and seal of said Court at Brownsville, SEPTEMBER, A.D. 1998.

## ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| | |
|---|---|
| NAME OF PREPARER | TITLE |

ADDRESS

| | | |
|---|---|---|
| CITY | STATE | ZIP |

### CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the **21st** of **SEPTEMBER, 1998**, I mailed to

**CYNTHIA "CINDY" PEREZ**

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. **P214957959**
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

**AURORA DE LA GARZA**, District Clerk
Cameron County, Texas

By: _Rosie Sotelo_, Deputy
Rosie Sotelo

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.005.01

No. 98-09-03515-E               ORIGINAL

THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: MICHAEL SCIEF
    INDIVIDUALLY AND AS AN OFFICER
    OF FIRST VALLEY BANK
    1901 SOUTH 77 SUNSHINE STRIP
    HARLINGEN, TEXAS 78550

the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on SEPTEMBER 11, 1998.  A copy of same accompanies this citation.

The file number of said suit being No. 98-09-03515-E.

The style of the case is:

REPUBLIC GROUP INTERNATIONAL, INC., ET AL
VS.
FIRST VALLEY BANK, ET AL

Said petition was filed in said court by _____ GILBERTO HINOJOSA
(Attorney for _____ PLAINTIFF _____ ), whose address is
1713 BOCA CHICA BLVD. BROWNSVILLE TX  78521 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 1998.

**CERTIFICAT OF DELIVERY OF MAIL**

| | |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**<br><br>Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.<br><br>_____<br>**NAME OF PREPARER        TITLE**<br><br>_____<br>**ADDRESS**<br><br>_____<br>**CITY          STATE       ZIP** | I hereby certify that on the <u>21st</u> of<br><br><u>SEPTEMBER</u>, 19<u>98</u>, I mailed to<br><br>_____<u>MICHAEL SCIEF</u>_____<br><br>by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.<br><br>CERTIFIED MAIL NO.  <u>P214957960</u><br>RETURN RECEIPT REQUESTED<br>DELIVER TO ADDRESSEE ONLY<br><br><u>AURORA DE LA GARZA</u>, District Clerk<br>Cameron County, Texas<br><br>By: _____*Rosie Sotelo*_____, Deputy<br>          Rosie Sotelo |

**P 214 957 960**

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☒ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

CYNTHIA "CINDY" PEREZ
INDIVIDUALLY AND AS AN
OFFICER OF
FIRST VALLEY BANK
1206 DIXIELAND RD
HARLINGEN, TX 78552

4a. Article Number
P 214 957 960

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
9-24-98 dc

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994        102595-97-B-0179        Domestic Return Receipt

Thank you for using Return Receipt Service.

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
MICHALE SCIEF
Street & Number
FIRST VALLEY BANK
Post Office, State, & ZIP Code

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |

Postmark or Date

CITATION 9/21/98
98-09-3515-E

PS Form 3800, April 1995

<u>CAUSE NO. 98-09-3515-E</u>

| | | |
|---|---|---|
| REPUBLIC GROUP INTERNATIONAL, | § | IN THE DISTRICT COURT |
| INC., d/b/a CUSTOM DREAM HOMES, | § | |
| d/b/a REPUBLIC MORTGAGE, d/b/a | § | |
| REPUBLIC REAL ESTATE and JOEL | § | |
| ZAPATA, | § | |
|       Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, CYNTHIA | § | |
| "CINDY" GARZA, INDIVIDUALLY | § | |
| AND AS AN OFFICER OF FIRST | § | |
| VALLEY BANK, AND MICHAEL | § | |
| SCAIEF, INDIVIDUALLY AND AS | § | |
| AN OFFICER OF FIRST VALLEY | § | |
| BANK, | § | |
|       Defendants | § | CAMERON COUNTY, TEXAS |

<u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

     FIRST VALLEY BANK, CYNTHIA "CINDY" GARZA, INDIVIDUALLY AND

AN OFFICER OF FIRST VALLEY BANK, and MICHAEL SCAIEF, INDIVIDUALLY AND

AS AN OFFICER OF FIRST VALLEY BANK, hereinafter Defendants, in the above styled and

numbered cause, files this their Original Answer to Plaintiffs' Original Petition, and in support

thereof, would respectfully show the Court the following:

I.

<u>GENERAL DENIAL</u>

     Defendants deny each and every material allegation in Plaintiffs' Original Petition

contained and demand that Plaintiffs be required to prove the same by a preponderance of the

evidence as is required by the Rules of Civil Procedure and the laws of the State of Texas.

---

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs do not recover against them as prayed for; that they have judgment; that Plaintiffs take nothing, and that they recover their costs of Court herein.

Respectfully submitted,

STAPLETON, WHITTINGTON, CURTIS
& BOSWELL
201 North First Street (78550)
P.O. Box 2644
Harlingen, Texas 78551-2644
Telephone:    (956) 428-9191
Telecopier:    (956) 428-9283

By: _____
Chris Boswell
State Bar No. 02683300
Clerk Id. No. 00003801

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___16th___ day of October, 1998, a true and correct copy of the above and foregoing Defendants' Original Answer was mailed to counsel for Plaintiffs, Mr. Gilberto Hinojosa, at Magallanes & Hinojosa, 1713 Boca Chica Blvd., Brownsville, Texas 78520, via facsimile (956) 544-6571 and Certified Mail, Return Receipt Requested #Z 294 201 254.

_____
Chris Boswell

---

Defendants' Original Answer/556.088                    Page 2

<u>CAUSE NO. 98-09-3515-E</u>

| | | |
|---|---|---|
| REPUBLIC GROUP INTERNATIONAL, | § | IN THE DISTRICT COURT |
| INC., d/b/a CUSTOM DREAM HOMES, | § | |
| d/b/a REPUBLIC MORTGAGE, d/b/a | § | |
| REPUBLIC REAL ESTATE and JOEL | § | |
| ZAPATA, | § | |
|       Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | 357TH JUDICIAL DISTRICT |
| FIRST VALLEY BANK, CYNTHIA | § | |
| "CINDY" GARZA, INDIVIDUALLY | § | |
| AND AS AN OFFICER OF FIRST | § | |
| VALLEY BANK, AND MICHAEL | § | |
| SCAIEF, INDIVIDUALLY AND AS | § | |
| AN OFFICER OF FIRST VALLEY | § | |
| BANK, | § | |
|       Defendants | § | CAMERON COUNTY, TEXAS |

<u>DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

     FIRST VALLEY BANK, CYNTHIA "CINDY" GARZA, INDIVIDUALLY AND AS

AN OFFICER OF FIRST VALLEY BANK, and MICHAEL SCAIEF, INDIVIDUALLY AND

AS AN OFFICER OF FIRST VALLEY BANK, hereinafter Defendants, in the above styled and

numbered cause, files this their First Amended Original Answer to Plaintiffs' Original Petition,

and in support thereof, would respectfully show the Court the following:

I.

<u>GENERAL DENIAL</u>

     Defendants deny each and every material allegation contained in Plaintiffs' Original

Petition and demand that Plaintiffs be required to prove the same by a preponderance of the

evidence as is required by the Rules of Civil Procedure and the laws of the State of Texas.

---

Defendants' First Amended Original Answer/556.088                Page 1

# II.

## SPECIFIC DENIALS

2.01   Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Original Petition.

2.02   Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Original Petition.

2.03   Defendants admit the allegations contained in Paragraph 3 but not that portion of the allegation that asserts that all Defendants are residents of Harlingen.

2.04   Defendants are without sufficient knowledge to admit or deny the information contained in the introductory Paragraph 4.

2.05   Defendants deny that jurisdiction lies with the District Courts of Cameron County for the reason that pursuant to 28 U.S.C. §1452 the jurisdiction of this case lies properly with the United States District Court.   Defendants admit that venue is proper in Cameron County but deny the other allegations contained in Paragraph 5.

2.06   Defendants are without sufficient knowledge at this time to either admit or deny specific facts regarding the manner in which Plaintiffs were organized and the ownership of the Plaintiffs contained in Paragraph 6.

2.07   Defendants are unable to admit or deny the bases of Mr. Antonio Chapa's relationship with the Plaintiffs but deny that there was any material personal or business ties to Defendant Cynthia "Cindy" Garza.

2.08   Defendants deny that there was a contractual relationship between Plaintiffs and First Valley Bank as alleged in Paragraph 8.   Moreover, Defendants deny that the right to draw

sums from interim financing for construction of houses had anything to do with a contractual arrangement between Plaintiffs and First Valley Bank which relationship is specifically denied. Defendants further deny that Plaintiffs would pay subcontractors as alleged.    Further, Defendants deny that there was any change in any agreement with regard to the percentage or amount of construction draws to be financed as alleged in Paragraph 8.    Further, Defendants deny that there was any specific arrangement regarding the receipt of Plaintiffs' profits from any construction contract as alleged in Paragraph 8.

2.09    Defendants admit that Republic Mortgage had arranged permanent financing for certain of its customers which obtained their interim construction loans from First Valley Bank but deny that such arrangement in and of itself constituted obtaining qualified bank customers as alleged in Paragraph 9.    Defendants further deny that Plaintiffs provided Defendant First Valley Bank business as alleged in Paragraph 9.

2.10    Defendants admit First Valley Bank has engaged in the business of interim construction financing for residential and commercial buildings.    Defendants admit that it is important for contractors to timely pay their bills.    Defendants admit that the failure of a contractor to timely pay his bills could adversely affect its relationship with the subcontractor or materialman.    Defendants deny that there was a contractual relationship between First Valley Bank and Plaintiffs.    Defendants further deny that there was any duty of Defendants to provide any payment to Plaintiffs.    Defendants further deny that First Valley Bank had a duty to provide timely payments to subcontractors.    Defendants further deny that First Valley Bank breached a duty, if any, not to interfere with Plaintiffs' contractual and business relationship.

---

2.11   Except to the extent that Defendants deny any contractual relationship with Plaintiffs, Defendants admit that Cynthia "Cindy" Garza was an officer of First Valley Bank, Michael Scaief was her supervisor.   Further, Defendants deny that any business dealings between Plaintiffs and Defendant occurred exclusively through them, if at all.

2.12   Defendants are without sufficient information to admit or deny when and for what reasons the relationship between Plaintiffs and Antonio Chapa ended.   Defendants however deny that Cynthia "Cindy" Garza interfered the operation of Custom Dream Homes and further deny all the allegations contained in Paragraphs 12a, 12b, 12c, 12d, 12e, 12f, 12g and 12h of Plaintiffs' Original Petition.

2.13   Further, Defendants deny the allegations contained in Paragraphs 13, 14, 15, 16, 17 and 18 of Plaintiffs' Original Petition.

2.14   Defendants further deny the allegations contained in Paragraphs 19, 20, 21 and 22 of Plaintiffs' Original Petition.

## III.

## AFFIRMATIVE DEFENSES

3.01   Defendants deny that there was any contractual relationship between First Valley Bank and Plaintiffs or in the alternative that any such agreement fails for the lack of consideration.        3.02   Defendants deny Plaintiffs are consumers within the meaning of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code §17.46 et seq.

3.03   Defendants assert that Plaintiffs' causes of action are barred by the applicable statute of limitation.

---

Defendants' First Amended Original Answer/556.088                                             Page 4

3.04   Defendants assert that Plaintiffs' causes of action are insupportable because they fail to satisfy conditions precedent for recovery including a failure to provide notice for its Deceptive Trade Practices Act claims pursuant to Section 17.505(a).

3.05   Defendants deny that they owed any duty to Plaintiffs with regard to any causes of action asserted or in the alternative that Plaintiffs' own acts or omissions were the sole or contributory proximate or producing cause of any damages sustained by Plaintiffs, if any.

WHEREFORE, PREMISES CONSIDERED, Defendants  pray  that Plaintiffs do not recover against Defendants as prayed for; that Defendants have judgment that Plaintiffs  take nothing, and that they recover their costs of Court herein.

Respectfully submitted,

STAPLETON, WHITTINGTON, CURTIS
& BOSWELL
201 North First Street (78550)
P.O. Box 2644
Harlingen, Texas 78551-2644
Telephone:    (956) 428-9191
Telecopier:    (956) 428-9283

By: _____
Chris Boswell
State Bar No. 02683300
Clerk Id. No. 00003801

**Attorneys for Defendants First Valley Bank,
Cynthia "Cindy" Garza and Michael Scaief**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the ___19th___ day of October, 1998, a true and correct copy of the above and foregoing Defendants' First Amended Original Answer was mailed to counsel for Plaintiffs, Mr. Gilberto Hinojosa, at Magallanes & Hinojosa, 1713 Boca Chica Blvd., Brownsville, Texas 78520, via facsimile (956) 544-6571 and Certified Mail, Return Receipt Requested #P 099 135 106.

Chris Boswell

---